**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracie Ann Grijalva, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>First Advantage Background Services, Corp., et al.,<br><br>Defendants. | No. CV-22-02068-PHX-DGC<br><br>**ORDER** |

Plaintiff Tracie Ann Grijalva moves for leave to amend her complaint. Doc. 24. The motion is fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). The Court concludes that Plaintiff's proposed amended complaint does not relate back to the filing of her original complaint under Federal Rule of Civil Procedure 15(c), but cannot determine on this record that it is time barred and therefore futile. The Court accordingly will permit the amendment.

**I.   Background.**

Plaintiff filed her original complaint on December 7, 2022. Doc. 1. She asserts claims under the Fair Credit Reporting Act (FCRA) on behalf of herself and similarly situated individuals. *Id.* Defendant First Advantage Background Services is a consumer reporting agency and conducts background checks. *Id.* ¶¶ 1-2.

The original complaint alleges the following. Plaintiff worked at The Results Company as a full-time employee. *Id.* ¶ 9. She earned $14 per hour and received insurance benefits. *Id.* ¶ 11. On April 30, 2020, The Results Company ordered a background check on Plaintiff from Defendant. *Id.* ¶ 9. Defendant's report disclosed that Plaintiff's nurse's aide license had been revoked or suspended on July 20, 2011. *Id.* ¶ 12. Upon learning this, The Results Company fired her. *Id.*

Defendant filed an answer on January 31, 2023. Doc. 19. On March 11, 2023, Plaintiff moved to amend her complaint. Doc. 24 at 2, 12-22. Her proposed amended complaint seeks to replace the facts described above with the following:

> 9. Within two years prior to the filing of this Class Action Complaint, FADV [Defendant] prepared and sold an employment purposed consumer report about . . . Ms. Grijalva to a third party, the Plaintiff's prospective employer (Company).
>
> \* \* \*
>
> 11. Ms. Grijalva applied to work as a customer service representative for Company and would in no way be performing nursing/nurse's aide duties nor did she require any kind of license for the position, let alone a nursing license.
>
> 12. After assembling and evaluating information regarding Ms. Grijalva, FADV reported to Company a "hit" from its governmental registries search that Ms. Grijalva's nurses/nurse's aide license was revoked or suspended on July 20, 2011, pursuant to section 1128(B)(4) of the Social Security Act. As a result, Company terminated Ms. Grijalva.

*Id.* at 3. A copy of the background report is attached to the proposed amended complaint and shows that it was ordered by Iqor Tempe on December 9, 2020. Doc. 24 at 35.

Although the last sentence in proposed paragraph 12 (which was not changed from the original complaint) states that Plaintiff was terminated, paragraph 9 describes the "Company" that ordered the background report as Plaintiff's "prospective employer" and paragraph 11 says she applied to work for the Company. Her motion to amend likewise

2

states that Defendant's report resulted in her not being hired.  *See* Doc. 24 at 4:8, 4:22, 5:13.  The Court therefore assumes that Plaintiff intends to assert that Defendant's actions led to her not being hired.

Defendant argues that the claim alleged in the proposed amended complaint is futile and should not be allowed because it is time barred and does not relate back to the filing of the original complaint.  Doc. 28 at 2.

## II.     Legal Standard.

The Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This mandate must be applied with "extreme liberality[.]"  *Owens v. Kaiser Found. Health Plan*, *Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).  Leave should be granted in the absence of reasons such as undue delay, bad faith on the part of the movant, undue prejudice to the opposing party, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  An amendment is futile if the claim would be barred by the statute of limitations.  *Vigil v. Miller*, 17 F. App'x 657, 658 (9th Cir. 2001).  Leave to amend may be denied on futility alone.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

## III.    Analysis.

The FCRA sets the statute of limitations at "two years after plaintiff discovers the violation, or five years after the violation occurs, whichever is earlier."  *Lewis v. Beneficial Cal., Inc.*, 808 F. App'x 515, 516 (9th Cir. 2020) (citing 15 U.S.C. § 1681p).  The Ninth Circuit recognizes constructive discovery, under which the limitations period begins when a reasonably prudent plaintiff would have discovered the facts constituting the FCRA violation.  *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109-10 (9th Cir. 2012).

Defendant completed Plaintiff's background check report on December 9, 2020.  Doc. 24 at 35.  Plaintiff's claim is clearly timely if measured from the filing of her original complaint less than two years later, on December 7, 2022.  But it might be barred by the two-year limitation period if measured from the date of her motion to amend, March 11, 2023.  Thus, the Court must decide the following.  Will plaintiff's proposed amendment, if allowed, relate back to the date of her original complaint?  If yes, then the amended

complaint is not time barred, is not futile, and should be permitted. If the amended complaint does not relate back, can the Court conclude on the present record that it would be time barred? This requires inquiry into whether a reasonably prudent plaintiff would have discovered the facts constituting the FCRA violation more than two years before March 11, 2023. *Drew*, 690 F.3d at 1109. If the Court cannot make this determination – if additional factual development is needed – then the Court cannot find the proposed amendment futile and the amendment should be allowed. But if the Court can determine on the present record that the amended complaint would be time barred, Plaintiff's motion should be denied.

### A.  The Amended Complaint Does Not Relate Back Under Rule 15(c).

Under Rule 15(c), an amendment to a complaint "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Claims arise out of the same conduct, transaction, or occurrence if they share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (citations omitted). An amendment will not relate back where the amended complaint "had to include additional facts to support the [new] claim." *Echlin v. PeaceHealth*, 887 F.3d 967, 978 (9th Cir. 2018) (quoting *id.* at 1133); *see* 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 15, at 486 (2023) ("[R]elation back . . . is not authorized when the new claims arise from an entirely different event or set of facts. Nor is relation back authorized when the new claims are based on factual allegations that were not part of the narrative in the earlier pleading and that significantly change—rather than just augment or amplify—the 'core of operative facts' in the case.").

In *Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122 (9th Cir. 2006), the Ninth Circuit considered whether Rule 15 allowed relation back when the plaintiff brought an

additional Privacy Act claim alleging disclosure of the same information as the original claim, but on a different website and different date. The Court stated:

> The conduct, transaction, or occurrence of which Oja complained in his First Amended Complaint was the USACE's act of disclosing Oja's personal information on its website in November 2000, in violation of the Privacy Act's prohibitions. By contrast, Oja's Second Amended Complaint alleges claims arising from a second disclosure by the USACE on a separate website occurring in December 2000. Nowhere in Oja's First Amended Complaint does he reference a second disclosure on a USACE public affairs site in December 2000, and nowhere has Oja alleged that the disclosure act in December 2000 arose out of the conduct, transmission, or occurrence of the USACE's November 2000 disclosure on the USACE's national site. . . . The fact that the language in the two disclosures is identical is inapposite because Oja's claims under the Privacy Act are based on the acts of disclosure themselves, each of which is distinct in time and place, if not substance.

*Id.* at 1134. (citing 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1497, at 70-74 (2d ed. 1990) ("When plaintiff attempts to allege an entirely different transaction by amendment, Rule 15(c) will not authorize relation back.")).

This case is similar to *Oja*. Plaintiff's original and amended complaints allege occurrences distinct in time, recipient, and consequence. Eight months separate the two alleged reports. Different companies request, pay for, and receive the reports. Plaintiff loses her job and its benefits in the original complaint and is not hired in the amended claim. The amended complaint thus describes a different transaction entirely, and the fact that the alleged wrongdoing is the same – violating the FCRA by disclosing Plaintiff's nursing license revocation – is not sufficient here as it was not sufficient in *Oja*. Stated differently, the original and amended complaints do not "rely on the same evidence to prove each claim." *Williams*, 517 F.3d at 1133. Plaintiff "had to include additional facts to support the [new] claim." *Echlin*, 887 F.3d at 978. As a result, the amended complaint does not relate back.

Plaintiff argues that the original complaint provided Defendant with adequate notice of the facts now alleged in the proposed amendment, but this argument is not persuasive. Doc. 24. Although the "common core of operative facts" requirement "is meant to ensure

that the original pleading provided adequate notice of the claims raised in the amended pleading," *Williams*, 517 F.3d at 1133 n.9 (citation omitted), the Ninth Circuit has not held that mere general notice of the nature of a claim is sufficient for relation back. *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1006 (9th Cir. 2014) ("So long as a party is notified of litigation concerning a *particular* transaction or occurrence, that party has been given all the notice that Rule 15(c) requires.") (emphasis added); *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982) ("Once the defendant is in court on a claim arising out of a *particular* transaction or set of facts, he is not prejudiced if another claim, arising out of the *same facts*, is added.") (emphasis added).

Like the Ninth Circuit in *Oja*, the Court cannot conclude that Plaintiff's original and amended complaint arise out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c). The alleged wrong may be the same – violation of the FCRA by disclosing Plaintiff's nursing license revocation – but the events are distinct in time, employer, employment status, and employment type. "Although we have stated that the relation back doctrine of Rule 15(c) is to be applied liberally, there must nonetheless be some basis for application of the doctrine." *Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 980 (9th Cir. 1988) (citations omitted). Plaintiff's proposed amended claim does not relate back to her original complaint.

**B.     The Court Cannot Find the Proposed Complaint Time-Barred.**

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citation omitted); *see J-McDaniel Const. Co. v. Mid-Continent Cas. Co.*, 761 F.3d 916, 919 (8th Cir. 2014) ("Denial of a motion for leave to amend on the basis of futility means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.") (citation omitted); Gensler, *supra*, at 461 & n.103 ("In effect, the court asks whether the proposed amendment would survive a motion to dismiss.") (citing cases).

A complaint may be dismissed "on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (cleaned up).

The parties' arguments regarding the statute of limitations are factual. Defendant relies on an employee affidavit to set forth several paragraphs of facts that are not included in the proposed amended complaint and from which Defendant argues that Plaintiff knew of her FCRA claim more than two years before March 11, 2023. Doc. 28 at 5-6. Plaintiff disputes Defendant's factual assertions, arguing that the date on which she discovered the alleged FCRA violation "is not susceptible to such an obvious date." Doc. 29 at 7. Because the running of the statute of limitations is not apparent on the face of Plaintiff's proposed amended complaint, the Court cannot find the complaint time barred under a motion-to-dismiss standard. *Von Saher*, 592 F.3d at 969. Defendant may raise its statute of limitations defense in a motion for summary judgment.

**IT IS ORDERED:**

1. Plaintiff's motion for leave to amend her complaint (Doc. 24) is **granted**.
2. The amended complaint does not relate back to the filing of Plaintiff's original complaint under Rule 15(c).
3. Plaintiff shall file the amended complaint attached as Exhibit 1 to her motion to amend.
4. The Court's Phase One Case Management Order (Doc. 23) will govern this case, except that the discovery and motion for summary judgment covered by the order may include the statute of limitations issue.

Dated this 30th day of May, 2023.

David G. Campbell
Senior United States District Judge